IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-mj-00065-NRN-1

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. LEONARD CORDOVA,

 Defendant.

## ORDER OF DETENTION

 THIS MATTER came before the Court for a detention hearing on April 19, 2022. Andrea Surratt on behalf of the Government, Mary Butterton on behalf of the defendant, Colin Linde on behalf of pretrial.

 The government is requesting detention in this case.  The defendant contested detention. Both sides offered argument beyond the contents of the bail report.  In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

 In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial

release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

    (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person including–

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant has a lengthy record, including six prior felony convictions and 10 prior misdemeanor convictions. He has a history of violent behavior, including prior charges involving Assault, Public Fighting, and Menacing. He has incurred multiple new charges while on supervision. Most recently, he was arrested on state charges for shooting a gun in his neighborhood. He was released on bond, and shortly thereafter was charged with attempted murder for shooting up a vehicle and injured two passengers. The defendant has a least three prior offenses involving Domestic Violence. He has at least three prior or pending charges involving weapons. He also has at least 10 instances where a warrant was issued for failure to comply. The evidence against the defendant is strong—including his admission to police officers of having possessed and shot a gun, and pictures of a glock handgun found on his cellphone that he admitted was used in one of the shootings.

Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community or will reasonably assure the appearance of the defendant as required.

Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   April 20, 2022                                          BY THE COURT:

*N. Reid Neureiter*
United States Magistrate Judge
N. Reid Neureiter