IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    22-cr-00132-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEONARD CORDOVA,

        Defendant.

_____

**UNOPPOSED MOTION TO EXCLUDE 90 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

        Mr. Leonard Cordova (hereafter "Mr. Cordova"), by and through his counsel Mary V. Butterton, hereby moves this Court for an Order to exclude 90 days from the Speedy Trial Act computations and set the motions filing and trial dates accordingly. In support thereof, he states as follows:

**PROCEDURAL HISTORY**

        1.      On April 15, 2022, Mr. Cordova was arrested pursuant to a complaint alleging a violation of 18 U.S.C. § 922(g)(1), Prohibited Person in Possession of a Firearm/Ammunition. Docs. 1, 3. On April 20, 2022, he was indicted on two counts of 18 U.S.C. § 922(g)(1); he entered a plea of not guilty as to each charge and was ordered detained pending trial. Docs. 12, 13.

        2.      On April 29, 2022, this Court entered an Order setting a motions deadline of May 9, 2022 and a jury trial to commence on June 13, 2022. Doc. 18.

        3.      Undersigned counsel has not yet received an initial discovery disclosure in this matter. The Government, through Assistant United States Attorney Andrea Surrat, estimates that

disclosure is forthcoming in the next two weeks. The discovery is anticipated to contain approximately 55-60 gigabytes of electronic files, including multiple body-worn cameras and video interviews, as well as 1800 pages of documents and reports.

## LAW REGARDING REQUESTS FOR CONTINUANCES

1. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

2. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted:

2

(1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

1. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

2. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. Proceeding within the current time requirements would deny counsel for Mr. Cordova the reasonable time necessary for effective preparation. Counsel has not yet received discovery in this matter; once received, counsel will need time to review the discovery, which is relatively voluminous, and contemplate potential pre-trial motions based on that discovery. Review of the discovery may trigger further investigation or the need for experts. Additionally, effective representation requires a thorough investigation and mitigation workup to fully advise Mr. Cordova as to his options in this case.

3. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

4. First, counsel has been diligent in her work on this case and in the timeliness of this request, making it well before the expiration of the speedy trial clock and prior to the motions filing deadline of May 9, 2022.

5. Second, it is very likely that this continuance would accomplish the underlying

purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to review the numerous videos and reports, evaluate the discovery for potential pre-trial motion issues, and complete an investigation. This thorough evaluation and workup is necessary to advise the defendant as to his options and potential strategies for defense. This 90-day continuance would allow defense counsel time to evaluate the need for experts and complete investigation, each of which are necessary to providing the defendant with full and effective assistance of counsel.

6. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Andrea Surrat has indicated that she does not oppose this motion, and has no known issues with witness availability or scheduling.

7. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Leonard Cordova, through his counsel, respectfully requests this Court for an Order excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, Assistant United States Attorney
Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Leonard Cordova (via U.S. Mail)

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant