UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00132-RMR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**1. LEONARD CORDOVA**,
Defendant.

**MOTION TO SUPPRESS EVIDENCE OBTAINED FROM DEFENDANT'S HOUSE**

Defendant Leonard Cordova, through counsel, and moves that the Court suppress all evidence obtained from his house.

**BACKGROUND[1]**

The government has obtained a 2-count indictment against Mr. Cordova. The indictment alleges that on September 12, 2021, Mr. Cordova illegally possessed a firearm and ammunition. It also alleges that on September 19, 2021, he illegally possessed ammunition.

While investigating the allegations giving rise to the first count, on September 14, 2021, the police applied for and obtained a warrant[2] to search Mr. Cordova's house. The warrant authorized the police to search for the following:

> Any firearm to include illegal weapons, ammunition, spent shell casings, magazines, and any other firearm parts. Any Surveillance equipment including cameras, DVR and devices that would store data in relation to the surveillance system in this location.

---

[1] This background is based on the information provided in discovery. Mr. Cordova has pled not guilty and does not stipulate to any of the government's alleged facts.
[2] True and correct copies of the warrant and supporting affidavit are attached hereto as Exhibit 1.

The police executed the warrant on September 14, 2021. During the search, they seized items that were not listed in the warrant.

On September 20, 2021, the police applied for and obtained a second warrant[3] to search Mr. Cordova's house. The warrant authorized the police to search for the following:

> Firearms, ammunition, spent shell casings, firearms accessories, a white shirt with the letter "C" on it, electronic devices used for communication, an ankle monitor system, items identifying residency, items identifying ownership of vehicles, keys to 2009 silver Jaguar XF

The police executed the warrant on September 20, 2021 and seized iPhones, iWatches, an iPad, home monitoring paperwork, an ankle monitor charger, keys to a Jaguar vehicle, jeans, and a wallet.

## ARGUMENT

Evidence obtained in violation of Mr. Cordova's Fourth-amendment rights must be suppressed. The Fourth Amendment of the United States Constitution protects citizens against unreasonable searches and seizures. Evidence obtained in violation of these protections must be suppressed. *See Hudson v. Mich.*, 547 U.S. 586, 591 (2006). *Segura v. U.S.*, 468 U.S. 796, 804 (1984); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

A warrant must usually be obtained before executing a search. *People v. Bailey*, 2018 CO 84, ¶18, 427 P.3d 821 (citing *Kentucky v. King*, 563 U.S. 452, 459 (2011)). Warrants must be supported by probable cause. U.S. Const. am. XIV. "Probable cause means that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *U.S. v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001). Warrants also must not be overbroad, which requires

---

[3] True and correct copies of the warrant and supporting affidavit are attached hereto as Exhibit 2.

them to "particularly describ[e] the place to be searched and … things to be seized." U.S. Const. amend. IV. That is, they must identify "specific areas and things for which there is probable cause to search … [to] ensure[s] that the search will be carefully tailored to its justification". *Md. v. Garrison*, 480 U.S. 79, 80-81 (1987). A search's lawful scope "is defined by the object of the search and the places in which there is probable cause to believe that it may be found. … [For example,] probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom". *Garrison*, 480 U.S. at 80-81(quoting *U.S. v. Ross*, 456 U.S. 798, 824 (1982)). Finally, warrants must be executed in a reasonable manner. *Dalia v. U.S.*, 441 U.S. 238, 257 (1974).

**A. September 14, 2021 Warrant**

This Court must determine whether the September 14, 2021 warrant is supported by probable cause. Mr. Cordova respectfully requests that the Court independently review the allegations in the affidavit submitted in support of the warrant to determine whether it establishes probable cause.

Regarding overbreadth, the warrant authorized the police to search Mr. Cordova's entire house. But the affidavit does not articulate any information to establish probable cause that evidence of contraband or of a crime could be in every room of the home. So, the authorization to search every part of his house is overbroad.

The Court must next determine whether the warrant was executed reasonably. While searching Mr. Cordova's house, the police seized items that were not listed in the warrant. So, they exceeded the warrant's scope. Further, it is unclear from discovery whether the police limited their search to areas within the house where the items listed in the warrant could be found, and Mr.

Cordova requests an evidentiary hearing to determine the exact manner in which the police executed the warrant.

### B. September 20, 2021 Warrant

The September 20, 2021 warrant is not supported by probable cause. The primary problem with the affidavit is that it fails to establish a nexus between the alleged offense and Mr. Cordova's house. The affidavit submitted in support of it alleges that Mr. Cordova shot his ex-girlfriend and her friend while they were driving on I-25 and that Mr. Cordova rammed his vehicle into theirs near the Abriendo exit. It further alleges that his ex-girlfriend and friend identified him as the shooter, that the police found and arrested him at his house, and that he admitted to shooting at the other vehicle after it rammed into him. But he never said that the firearm or ammunition could be found in his house, and there is no allegation providing any information to show that they could be there. It merely states that Mr. Cordova was arrested at his house, but if this were sufficient to search his house, then the police would be able to search anyone's house merely by alleging that an offense was committed someone and that the suspect was found at home. Allowing the police to do so is unreasonable and does not comply with the Fourth Amendment.

Further, the affidavit fails to establish probable cause to search for electronic devices used for communication. There are no allegations whatsoever that Mr. Cordova used electronic communication devices while allegedly committing the alleged conduct. Thus, it clearly fails to establish probable cause to search for the electronic communications devices.

Also, illegally obtained evidence cannot be used to establish probable cause to conduct searches or seize evidence. *See U.S. v. Hatfield*, 333 F.3d 1189, 1193-94 (10th Cir. 2003). The affidavit in support of the warrant relies on statements Mr. Cordova made to the police while being

interrogated. Mr. Cordova has filed a contemporaneous motion to suppress his statements. If the Court grants that motion, those statements cannot be used to establish probable cause to search his house.

Regarding overbreadth, the authorized the police to search Mr. Cordova's entire house. But the affidavit does not articulate any information to establish probable cause that evidence of contraband or of a crime could be in every room of the home. Indeed, it does not articulate any information that anything would be found anywhere in the home. So, the authorization to search every part of his house is overbroad.

The Court must determine whether the warrant was executed reasonably. While searching Mr. Cordova's house, the police seized items that were not listed in the warrant, including jeans, paperwork, and a wallet. So, they exceeded the warrant's scope. Further, it is unclear from discovery whether the police limited their search to areas within the house where the items listed in the warrant could be found, and Mr. Cordova requests an evidentiary hearing to determine the exact manner in which the police executed the warrant.

**WHEREFORE**, Defendant prays that this Court suppress all evidence obtained from his house. He further requests an evidentiary hearing during which evidence relevant to this motion will be adduced.

Dated this 8th day of August, 2022.

Respectfully submitted,
s/ Craig L. Pankratz
Springer & Steinberg, P.C.
Attorneys for Defendant
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800
cpankratz@springersteinberg.com

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing pleading with the Clerk of the Court, which will send notification of such filing to the following e-mail addresses:

 AUSA Andrea Lee Surratt
Email: andrea.surratt@usdoj.gov

                                    s/ Craig L. Pankratz