**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-CR-00132-RMR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**1. LEONARD CORDOVA**,
Defendant.

**MOTION TO SUPPRESS STATEMENTS**

Defendant Leonard Cordova, through counsel, hereby submits this Motion to Suppress Statements and moves that all statements he purportedly made to law enforcement officers be suppressed.

**BACKGROUND**[1]

The government has obtained a 2-count indictment against Mr. Cordova. The indictment alleges that on September 12, 2021, Mr. Cordova illegally possessed a firearm and ammunition. It also alleges that on September 19, 2021, he illegally possessed ammunition.

While investigating the allegations giving rise to the first count, the police obtained and executed a warrant for Mr. Cordova's arrest. The police located Mr. Cordova on September 14, 2021 and arrested him. While he was in custody, the police advised him of his rights under *Miranda*, and he executed a *Miranda* waiver[2]. The police questioned him, and he made various

---

[1] This background is based on the information provided in discovery. Mr. Cordova has pled not guilty and does not stipulate to any of the government's alleged facts.
[2] A true and correct copy of the waiver is attached hereto as Exhibit 1.

statements regarding the alleged September 12, 2021 incident.

Mr. Cordova was released, and on September 19, 2021 his ex-girlfriend and friend accused him of ramming his vehicle into theirs and shooting them while driving on I-25. The police went to his house and arrested him without a warrant. Again, while he was in custody, the police advised him of his rights under *Miranda*, and he executed a second *Miranda* waiver[3]. The police questioned him, and he made various statements regarding the alleged September 19, 2021 incident.

## ARGUMENT

Any statements obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) or Mr. Cordova's other constitutional rights must be suppressed. A defendant's statements made while in custody and in response to government questioning must be suppressed unless the defendant validly waived his right to remain silent and right to be represented by counsel. *See U.S. v. Blackburn*, 785 Fed. App'x 539, 544-45 (10th Cir. 2019)(unpublished). The government bears the burden to prove that a defendant's statements were not obtained in violation of *Miranda*. *U.S. v. Guillen*, 995 F.3d 1095, 1121 (10th Cir. 2021).

Also, even if a defendant was not in custody when he made statements or was advised of his *Miranda* rights, a defendant's statements cannot be used against him if they were made involuntarily. *See Sharp v. Rohling*, 794 F.3d 1216, 1233-35 (10th Cir. 2015). A statement is involuntary if it is "extracted by any sort of threats or violence [or] obtained by any direct or implied promises, however slight, or by the exertion of any improper influence." *Hutto v. Ross*, 429 U.S. 28, 30 (1976). It is the government's burden to show, by a preponderance of the evidence,

---

[3] A true and correct copy of the waiver is attached hereto as Exhibit 2.

that the defendant's statements were voluntary based on the totality of the circumstances. *See United States. v. Lopez*, 437 F.3d 1059 (10th Cir. 2006). The totality of the circumstances must show that the defendant's will was not overborne by physical or psychological coercion, or by some other improper inducement. *See Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Further, even statements were made voluntarily, this cannot by itself purge the statements' taint if the statement were the product of an illegal arrest. *See Lanier v. South Carolina*, 474 U.S. 25 (1985).

The police officers interrogated Mr. Cordova while he was in custody twice. The first time was September 14, 2021. The second time was September 20, 2021. Although Mr. Cordova purportedly waived his *Miranda* rights, the government must still prove that the waivers are valid and that he made the statements voluntarily. Further, Mr. Cordova was arrested on September 20, 2021 without a warrant, and the government must show that the arrest was lawful. If it was not lawful, his statements must be suppressed under the Fourth Amendment. Considering the foregoing, Mr. Cordova respectfully requests an evidentiary hearing during which the government must prove his statements should not be suppressed.

**WHEREFORE**, Defendant prays that this Court suppress all statements attributed to him while speaking with law enforcement and for such other and further relief as the Court deems just and proper in the premises. He further requests an evidentiary hearing during which evidence relevant to his claims will be adduced.

Dated this 8th day of August, 2022.

Respectfully submitted,
s/ Craig L. Pankratz
Springer & Steinberg, P.C.
Attorneys for Defendant
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800
cpankratz@springersteinberg.com

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing pleading with the Clerk of the Court, which will send notification of such filing to the following e-mail addresses:

 AUSA Andrea Lee Surratt  
Email: andrea.surratt@usdoj.gov

                                            s/ Craig L. Pankratz  
                                            An employee of Springer and Steinberg, P.C.