UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00132-RMR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**1.  LEONARD CORDOVA**,
Defendant.

**MOTION TO SUPPRESS EVIDENCE OBTAINED FROM DEFENDANT'S PERSON**

Defendant Leonard Cordova, through counsel, hereby moves that the Court suppress all evidence obtained from his person.

### BACKGROUND[1]

The government has obtained a 2-count indictment against Mr. Cordova. The indictment alleges that on September 12, 2021, Mr. Cordova illegally possessed a firearm and ammunition. It also alleges that on September 19, 2021, he illegally possessed ammunition.

On September 19, 2021, Mr. Cordova's ex-girlfriend and friend accused him of ramming their vehicle with his vehicle and shooting them while driving on I-25. The police went to his house and arrested him without a warrant. After arresting him, they swabbed his hands and seized his clothing without first obtaining a warrant.

### ARGUMENT

Evidence obtained in violation of Mr. Cordova Fourth-amendment rights must be

---

[1] This background is based on the information provided in discovery. Mr. Cordova has pled not guilty and does not stipulate to any of the government's alleged facts.

suppressed. The Fourth Amendment of the United States Constitution protects citizens against unreasonable searches and seizures. Evidence obtained in violation of these protections must be suppressed. *See Hudson v. Mich.*, 547 U.S. 586, 591 (2006). *Segura v. U.S.*, 468 U.S. 796, 804 (1984); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Generally, officers must obtain warrants before conducting any search, and warrantless searches are presumed to violate the Fourth Amendment. *Kentucky v. King*, 563 U.S. 452, 459 (2011); *U.S. v. Neugin*, 958 F.3d 924, 930 (10th Cir. 2020). But the government may overcome this presumption if there was probable cause to search and an exception to the warrant requirement applies. *Neugin*, 958 F.3d at 930. The government bears the burden to prove that an exception to the warrant requirement applies. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *People v. Allen*, 2019 CO 88, ¶15, 450 P.3d 724.

Exigency is an exception to the warrant requirement. *U.S. v. Najar*, 451 F.3d 710, 718 (10th Cir. 2006). In context of this case, to establish this exception, the government must prove that there was a need to protect against the imminent destruction of evidence. *U.S. v. Hendrix*, 664 F.3d 1334, 1338 (10th Cir. 2011). But the government cannot prove that such an exigency existed to swab Mr. Cordova's hands and seize his clothing. He was in custody and could not have washed his hands or destroyed his clothing if he wanted. And the police could have taken other reasonable measures, such as covering his hands or keeping him in handcuffs, to preserve any evidence on his person while they obtained a warrant.

**WHEREFORE**, Defendant prays that this Court suppress all evidence seized from his person. He further requests an evidentiary hearing during which evidence relevant to this motion will be adduced.

- 3 -

Dated this 8th day of August, 2022.

                              Respectfully submitted,
                              s/ Craig L. Pankratz
                              Springer & Steinberg, P.C.
                              Attorneys for Defendant
                              1600 Broadway, Suite 1200
                              Denver, CO 80202
                              (303)861-2800
                              cpankratz@springersteinberg.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing pleading with the Clerk of the Court, which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Lee Surratt**
**Email: andrea.surratt@usdoj.gov**

                              s/ Craig L. Pankratz
                              An employee of Springer and Steinberg, P.C.