## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00132-RMR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**1. LEONARD CORDOVA**,
Defendant.

---

## MOTION TO SUPPRESS EVIDENCE OBTAINED FROM DEFENDANT'S VEHICLE

---

Defendant Leonard Cordova, through counsel, hereby moves that the Court suppress all evidence obtained while searching his vehicle.

### BACKGROUND[1]

The government has obtained a 2-count indictment against Mr. Cordova. The indictment alleges that on September 12, 2021, Mr. Cordova illegally possessed a firearm and ammunition. It also alleges that on September 19, 2021, he illegally possessed ammunition.

Regarding the September 19, 2021 count, his ex-girlfriend and friend accused him of ramming their vehicle with his and shooting them while driving on I-25. The police responded and found a wrecked 2009 Jaguar on the side of the road. They inspected the vehicle and found spent shell casings. They towed the vehicle and obtained a warrant[2] to search it.

The warrant authorized the police to search for the following:

---

[1] This background is based on the information provided in discovery. Mr. Cordova has pled not guilty and does not stipulate to any of the government's alleged facts.
[2] True and correct copies of the warrant and supporting affidavit are attached hereto as Exhibit 1.

> DNA, fingerprints, palm prints on or in the vehicle, including from items located in the vehicle. Firearms, ammunition, spent shell casings, firearm accessories, bullet fragments/projectiles. Items with identifying information about vehicle ownership and occupants. Devices capable of communication, connection to a network, and/or GPS location. If device like this is located, a separate search warrant will be authored to investigate its contents.

While executing the warrant, the police found spent shell casings and swabbed various parts of the vehicle.

## ARGUMENT

Evidence obtained in violation of Mr. Cordova Fourth-amendment rights must be suppressed. The Fourth Amendment of the United States Constitution protects citizens against unreasonable searches and seizures. Evidence obtained in violation of these protections must be suppressed. *See Hudson v. Mich.*, 547 U.S. 586, 591 (2006). *Segura v. U.S.*, 468 U.S. 796, 804 (1984); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Generally, officers must obtain warrants before conducting any search, and warrantless searches are presumed to violate the Fourth Amendment. *Kentucky v. King*, 563 U.S. 452, 459 (2011); *U.S. v. Neugin*, 958 F.3d 924, 930 (10th Cir. 2020). But the government may overcome this presumption if there was probable cause to search and an exception to the warrant requirement applies. *Neugin*, 958 F.3d at 930. The government bears the burden to prove that an exception to the warrant requirement applies. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *People v. Allen*, 2019 CO 88, ¶15, 450 P.3d 724.

When officers search under a warrant, the warrant must be supported by probable cause. U.S. Const. am. XIV. "Probable cause means that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *U.S. v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001). Illegally obtained evidence cannot be used to establish probable cause to conduct searches or seize evidence. *See U.S. v. Hatfield*, 333 F.3d 1189, 1193-94 (10th Cir. 2003). Warrants

also must not be overbroad, which requires them to "particularly describ[e] the place to be searched and … things to be seized." U.S. Const. amend. IV. That is, they must identify "specific areas and things for which there is probable cause to search … [to] ensure[s] that the search will be carefully tailored to its justification". *Md. v. Garrison*, 480 U.S. 79, 80-81 (1987). A search's lawful scope "is defined by the object of the search and the places in which there is probable cause to believe that it may be found. … [For example,] probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom". *Garrison*, 480 U.S. at 80-81(quoting *U.S. v. Ross*, 456 U.S. 798, 824 (1982)). Finally, warrants must be executed in a reasonable manner. *Dalia v. U.S.*, 441 U.S. 238, 257 (1974).

The police searched Mr. Cordova's Jaguar twice. They first searched it when they found it on the side of the road. They next searched it after obtaining a warrant.

Regarding the first, the police searched Mr. Cordova's vehicle without a warrant. This is presumptively unreasonable. Thus, the government must prove that the search was reasonable.

Regarding the second, this Court must determine whether the warrant to search the vehicle is supported by probable cause. Mr. Cordova respectfully requests that the Court independently review the allegations in the affidavit submitted in support of the warrant to determine whether it establishes probable cause. Importantly, the warrant relies on evidence obtained while searching the vehicle for the first time (spent shell casings), and if that search was illegal, that information cannot be used to support probable cause.

Next, this Court must determine whether the warrant is overbroad. The purpose of the search was to find evidence that Mr. Cordova shot at his ex-girlfriend and her friend. While searching for such evidence, they would have needed to limit their search to areas where a firearm

or spent shell casings could have been located. But the warrant authorized them to search for indicia of ownership. Indicia of ownership could include small items with Mr. Cordova's name on it, such as receipts, identification cards, and paper notes. Such items are smaller than firearms and spent shell casings and can be located where they cannot. Indeed, they are so small that they could be found anywhere within the vehicle. So, the warrant authorized the police to search every inch of the vehicle. Thus, the warrant is invalid because it authorized general rummaging through the vehicle.

Finally, this Court must determine whether the warrant was executed reasonably. It is unclear from discovery whether the police limited their search to areas within the vehicle where the items listed in the warrant could be found. So, Mr. Cordova requests an evidentiary hearing to determine the exact manner in which the police executed the warrant.

**WHEREFORE**, Defendant prays that this Court suppress all evidence seized from his vehicle. He further requests an evidentiary hearing during which evidence relevant to this motion will be adduced.

Dated this 8th day of August, 2022.

Respectfully submitted,
s/ Craig L. Pankratz
Springer & Steinberg, P.C.
Attorneys for Defendant
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800
cpankratz@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing pleading with the Clerk of the Court, which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Lee Surratt**
**Email: andrea.surratt@usdoj.gov**

s/ Craig L. Pankratz
An employee of Springer and Steinberg, P.C.