## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00132-RMR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**1.  LEONARD CORDOVA**,
Defendant.

---

## MOTION TO SUPPRESS EVIDENCE OBTAINED FROM DEFENDANT'S TELEPHONE

---

Defendant Leonard Cordova, through counsel, hereby moves that the Court suppress all evidence obtained while searching his telephone.

### BACKGROUND[1]

The government has obtained a 2-count indictment against Mr. Cordova. The indictment alleges that on September 12, 2021, Mr. Cordova illegally possessed a firearm and ammunition. It also alleges that on September 19, 2021, he illegally possessed ammunition.

While investigating the allegations giving rise to the first count, the police obtained and executed a warrant for Mr. Cordova's arrest. The police located Mr. Cordova on September 14, 2021 and arrested him. While he was in custody, the police asked for him to consent to search his telephone, and he executed a written consent.[2]

---

[1] This background is based on the information provided in discovery. Mr. Cordova has pled not guilty and does not stipulate to any of the government's alleged facts.

[2] A true and correct copy of the consent is attached hereto as Exhibit 1.

**ARGUMENT**

Evidence obtained in violation of Mr. Cordova Fourth-amendment rights must be suppressed. The Fourth Amendment of the United States Constitution protects citizens against unreasonable searches and seizures. Evidence obtained in violation of these protections must be suppressed. *See Hudson v. Mich.*, 547 U.S. 586, 591 (2006). *Segura v. U.S.*, 468 U.S. 796, 804 (1984); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Generally, officers must obtain warrants before conducting any search, and warrantless searches are presumed to violate the Fourth Amendment. *Kentucky v. King*, 563 U.S. 452, 459 (2011); *U.S. v. Neugin*, 958 F.3d 924, 930 (10th Cir. 2020). But the government may overcome this presumption if there was probable cause to search and an exception to the warrant requirement applies. *Neugin*, 958 F.3d at 930. The government bears the burden to prove that an exception to the warrant requirement applies. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *People v. Allen*, 2019 CO 88, ¶15, 450 P.3d 724.

Consent is an exception to the probable cause and warrant requirements. *See U.S. v. Guillen*, 995 F.3d 1095, 1103 (10th Cir. 2021). To establish exception, the government must prove that the defendant expressly or impliedly consented and that the consent was voluntarily given. *Id*. To be voluntary, the consent must be "unequivocal and specific, freely and intelligently given, and not the product or duress or coercion." *Id*. at 1104. Courts may consider other non-exclusive factors when determining whether a defendant's consent is voluntary, including

> physical mistreatment, use of violence, threats, promises, inducements, deception, trickery, or an aggressive tone, the physical and mental condition and capacity of the defendant, the number of officers on the scene, and the display of police weapons. Whether an officer reads a defendant his Miranda rights, obtains consent pursuant to a claim of lawful authority, or informs a defendant of his or her right to refuse consent ….

*Id.* (internal citations omitted).

The police asked Mr. Cordova to consent to a search of his telephone after arresting him. They provided him with a written consent form, and he purportedly signed it. They also informed him of his rights under *Miranda*. However, the Court should also consider the other factors above, and an evidentiary hearing is necessary to fully develop the facts surrounding Mr. Cordova's purported waiver. So, he asks that the Court hold such a hearing.

**WHEREFORE**, Defendant prays that this Court suppress all evidence seized from his telephone. He further requests an evidentiary hearing during which evidence relevant to this motion will be adduced.

Dated this 8th day of August, 2022.

Respectfully submitted,
s/ Craig L. Pankratz
Springer & Steinberg, P.C.
Attorneys for Defendant
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800
cpankratz@springersteinberg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing pleading with the Clerk of the Court, which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Lee Surratt**
**Email: andrea.surratt@usdoj.gov**

s/ Craig L. Pankratz
An employee of Springer and Steinberg, P.C.