IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 22-cr-132-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  LEONARD CORDOVA,

      Defendant.

---

## JOINT MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT AND FOR EXTENSION OF MOTIONS DEADLINE

---

      The United States of America, by and through Andrea Surratt, Assistant United States Attorney, and Harvey Steinberg, on behalf of defendant Leonard Cordova, hereby move for a 60-day exclusion of time under the Speedy Trial Act and an extension of time to file and respond to motions.

## PROCEDURAL BACKGROUND

      1.      On April 13, 2022, the defendant was charged by criminal complaint with two counts of Title 18, United States Code, Section 922(g)(1).  [ECF #1].  He was arrested and had his initial appearance on April 14, 2022.  [ECF #3, 4].  A detention hearing was held on April 19, 2022, and the defendant ordered detained.  [ECF #11].

      2.      On April 19, 2022, the defendant was indicted for two counts of Title 18, United States Code, Section 922(g)(1).  [ECF #13].  He was arraigned on April 29, 2022.  [ECF #16].  On April 29, 2022, the Court set a four-day jury trial to commence on June 13, 2022.  [ECF # 18].

      3.      On May 5, 2022, previous defense counsel requested a 90-day exclusion

from the Speedy Trial Act.  Government counsel did not oppose defense counsel's request for additional time, which was granted by the Court.  [ECF #19, 21].  The Court set a new trial date of September 19, 2022, a motions deadline of August 8, 2022, and a motions response deadline of August 22, 2022.  [ECF #21].  This exclusion of time has been the only exclusion of time requested thus far in the case.

4.      On June 21, 2022, prior defense counsel withdrew from representation and Mr. Steinberg entered an appearance in the case.  [ECF #22, 23].

5.      On August 8, 2022, the defendant filed motions to suppress evidence and statements.  [ECF #27, 28, 29, 30].

6.      At the time of the filing of this motion, 16 days have elapsed from the Speedy Trial Clock.  The 70-day clock began on April 19, 2022.  Sixteen days ran off the clock from April 19, 2022, and May 5, 2022, when prior defense counsel filed a motion to exclude time.  On May 10, 2022, the Court excluded 90 days from the Speedy Trial clock.  Between May 10, 2022, and August 8, 2022, 90 days ran off the clock. Accordingly, there remain 54 days on the original 70-day Speedy Trial Clock.

**REASON FOR ADDITIONAL EXCLUSION**

7.      As noted above, the defendant is charged in the instant case with two separate violations of 18 U.S.C. § 922(g)(1), both of which involved the discharge of a firearm that occurred one week apart in September 2021.  In the incident that occurred on September 12, 2021, the Government alleges that the defendant fired a gun at a particular individual ("Individual-1") who is known to the defendant.  In the incident that occurred on September 19, 2021, the Government alleges that the defendant fired a

2

gun at two individuals ("Individual-2" and "Individual-3") who are known to the defendant.

8.      The Government is aware that the defendant is also charged in a state case in Pueblo, Colorado, involving the distribution of methamphetamine (the "Pueblo Drug Case").  The Government is reviewing the evidence in that case in an effort to determine whether that case should be charged federally.  The Government is conferring with relevant law enforcement personnel about the case on August 11, 2022, and intends to have a decision as to whether to charge that case shortly thereafter.

9.      The Government has informed Mr. Steinberg that it may seek to charge the Pueblo Drug Case federally.  Mr. Steinberg has told the Government that he believes it would be in his client's best interest if the instant case and the Pueblo Drug Case—should that case be charged federally—could be considered together and potentially resolved together, instead of piecemeal.  One such adverse consequence that could befall the defendant should the cases be resolved piecemeal is that the defendant's criminal history category could increase should one case resolve before the other, thereby increasing his Guidelines range.  Accordingly, after its meeting with law enforcement officers on the Pueblo Drug Case, as described above, the Government will consider whether it is appropriate to offer the defendant a pre-indictment resolution of the Pueblo Drug Case along with the instant gun case.  In addition to avoiding a miscarriage of justice for the defendant—although not a factor under the Speedy Trial Act—it would also conserve the Court's resources if the instant gun case and the Pueblo Drug Case could be resolved together.

3

10.     Mr. Steinberg also asserts, however, that the Pueblo Drug Case is related to the charged gun cases and, in particular that Individual-1 and Individual-2—two of the alleged victims in the instant federal gun case—are involved in the Pueblo Drug Case. Accordingly, Mr. Steinberg believes that he needs additional time to investigate the involvement of Individual-1 and Individual-2 in the Pueblo Drug Case, especially since one or both of Individual-1 and Individual-2 are potentially Government witnesses in the instant gun case.  This further investigation may also require that Mr. Steinberg file additional motions in the instant case.

11.     Because Individual-1 and Individual-2 live in Pueblo, and the relevant events surrounding the instant gun case and the Pueblo Drug Case all took place in Pueblo, many hours from Denver, this investigation will be time-consuming for defense counsel and his investigative team.  The requested 60 additional days should provide enough time to conduct this investigation to prepare for trial and file additional motions, if necessary.

## LEGAL AUTHORITY AND ARGUMENT

12.     The Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

4

13.     The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."  *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  The Speedy Trial Act requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  The basis for this motion is one such period of delay.  *See* § 3161(h)(7)(A); *see also Hill*, 197 F.3d at 440-41.

14.     Certain prerequisites must be satisfied before a continuance can qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A).  First, the Court must consider the quadripartite factors in section 3161(h)(7)(B):

(i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would

> unreasonably deny the defendant or the Government continuity of
> counsel, or would deny counsel for the defendant or the attorney for the
> Government the reasonable time necessary for effective preparation,
> taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  After considering these factors, the Court must then set

forth, "in the record of the case, either orally or in writing, the reasons for finding that the

ends of justice served by the granting of such continuance outweigh the best interests of

the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

15.     Here, granting the parties' motion would avoid a miscarriage of justice that

could result if the parties are not given additional time to work out the interplay between

the Pueblo Drug Case and the instant gun case.  In particular, given that the defendant

believes that the Government's potential witnesses in the instant gun case are also

involved in the Pueblo Drug Case, counsel for the defendant requires additional time to

investigate the Pueblo Drug Case and the potential involvement of Government trial

witnesses.  That investigation may lead to the filing of additional motions, necessitating

the extension of the motions deadline.

16.     This case is also factually unusual in that defense counsel asserts that the

Government's two victims—Individual-1 and Individual-2—are also involved in a

separate criminal case that the Government is contemplating charging against this

defendant.  As noted above, this revelation will require additional investigation on the

part of defense counsel, which in turn will inform counsel's decision as to how to advise

his client on the pending matter.  As also noted above, it is possible that this

investigation may also require the filing of additional pretrial motions.

17.     As required by 18 U.S.C. § 3161(h)(7)(C), the Court may not predicate its

ruling on congestion of the court's calendar or lack of diligent preparation by counsel, neither of which are present in this case.

18.     The totality of relevant circumstances—including that there has been only one prior motion for exclusion of time, and no such motions by current defense counsel—gives rise to the conclusion that the failure to exclude an additional 60 days from the time for a speedy trial would deprive counsel for the defendant the time reasonably necessary for effective pretrial and trial preparation with the concomitant risk of a miscarriage of justice.  *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  The ends of justice by excluding an additional 60 days from the time otherwise for a speedy trial outweigh the best interests of the public and the defendant in a speedy trial as defined by 18 U.S.C. § 3161(c).  *See* 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, the parties respectfully request the Court grant the parties' joint

motion to exclude 60 days from the speedy trial computation and extend the motions

deadline accordingly.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Andrea Surratt*
ANDREA SURRATT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
E-mail: andrea.surratt@usdoj.gov
Attorney for the government


Harvey Steinberg
Counsel for Leonard Cordova