**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**


Criminal Case No. 22-cr-00132-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LEONARD CORDOVA,

      Defendant.

---

**ORDER GRANTING JOINT MOTION FOR EXCLUSION OF TIME UNDER THE
SPEEDY TRIAL ACT AND FOR EXTENSION OF MOTIONS DEADLINE**

---

This matter is before the Court on the parties' Joint Motion for Exclusion of Time under the Speedy Trial Act and for Extension of Motions Deadline. The parties ask this Court for an order excluding 60 days[1] from the Speedy Trial calculation and an extension of time to file and respond to motions.

The parties' joint motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill,* 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.

---

[1] On May 10, 2022, this Court granted Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act (ECF No. 21), extending the 70-day clock to September 22,2022.

*See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . .  at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within

clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The parties' joint motion describes the various factors that they believe necessitate the exclusion of 60 days in this case, and the Court adopts and incorporates those facts here.  On April 19, 2022, the defendant was indicted for two counts of Title 18, United States Code, Section 922(g)(1), possession of a firearm/ammunition by a prohibited person. He was arrested and had his initial appearance on April 14, 2022 and a detention hearing was held April 19, 2022. On June 21, 2022, prior defense counsel withdrew from representation and Mr. Steinberg subsequently entered his appearance. Further, on

August 8, 2022, the defendant filed several motions to suppress evidence and statements.

In support of the joint motion, the Government alleges that the defendant is charged with two separate violations, both of which involved the discharge of a firearm that occurred one week apart in September 2021. The Government further alleges that the defendant fired a gun at a particular individual ("Individual-1") who is known to the defendant. In the incident that occurred on September 19, 2021, the Government alleges that the defendant fired a gun at two individuals ("Individual-2" and "Individual-3") who are also known to the defendant.

The Government is aware that the defendant is also charged in a state case in Pueblo, Colorado, involving the distribution of methamphetamine (the "Pueblo Drug Case"). The Government is reviewing the evidence in that case in an effort to determine whether that case should be charged federally. The Government is conferring with relevant law enforcement personnel about the case on August 11, 2022, and intends to have a decision as to whether to charge that case shortly thereafter.

The Government has informed Mr. Steinberg that it may seek to charge the Pueblo Drug Case federally. Mr. Steinberg has told the Government that he believes it would be in his client's best interest if the instant case and the Pueblo Drug Case—should that case be charged federally—could be considered together and potentially resolved together, instead of piecemeal. Accordingly, after its meeting with law enforcement officers on the Pueblo Drug Case, as described above, the Government will consider whether it is appropriate to offer the defendant a pre-indictment resolution of the Pueblo Drug Case

along with the instant gun case. The Government states that it would conserve the Court's resources if the instant gun case and the Pueblo Drug Case could be resolved together.

Counsel for defendant asserts that the Pueblo Drug Case is related to the charged gun cases and that Individual-1 and Individual-2 are in volved in the Pueblo Drug Case. Mr. Steinberg believes that he needs additional time to investigate the involvement of Individual-1 and Individual-2 in the Pueblo Drug Case, especially since one or both of Individual-1 and Individual-2 are potentially Government witnesses in the instant gun case. This further investigation may also require that Mr. Steinberg file additional motions in the instant case.

Because Individual-1 and Individual-2 live in Pueblo, and the relevant events surrounding the instant gun case and the Pueblo Drug Case all took place in Pueblo, many hours from Denver, this investigation will be time-consuming for defense counsel and his investigative team. The requested 60 additional days should provide enough time to conduct this investigation to prepare for trial and file additional motions, if necessary.

The parties state that granting their motion would avoid a miscarriage of justice that could result if the parties are not given additional time to work out the interplay between the Pueblo Drug Case and the instant gun case. In particular, given that the defendant believes that the Government's potential witnesses in the instant gun case are also involved in the Pueblo Drug Case, counsel for the defendant requires additional time to investigate the Pueblo Drug Case and the potential involvement of Government trial witnesses. That investigation may lead to the filing of additional motions, necessitating the extension of the motions deadline.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 31, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from September 22, 2022 to November 21, 2022**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **five-day** jury trial is reset for **November 7, 2022**. The Trial Preparation Conference/Change of Plea Hearing is reset for **October 24, 2022 at 10:00 AM**;

(4) Defendant shall have to and including **September 26, 2022** to file pretrial motions, and responses to these motions shall be filed by **October 11, 2022**. **If no motions are filed by September 26, 2022, the Court will deem defendant to have waived any such motions**. If counsel believe an

6

evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **October 13, 2022**.


DATED:  August 15, 2022.

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge