UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 22-cr-00132-RMR

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1.    LEONARD CORDOVA,**

Defendant.

### *UNOPPOSED* ENDS-OF-JUSTICE MOTION TO CONTINUE TRIAL

1. Defendant Leonard Cordova, through counsel, moves under 18 U.S.C. § 3161(h)(7)(A) to continue the trial for forty-five days to serve the ends of justice. He further requests that the Court exclude forty-five days from the speedy trial calculation.

2. Mr. Cordova is charged in this case with one count of a Prohibited Person in Possession of Firearm/Ammunition in violation of 18 U.S.C. § 922(g)(1).

3. The undersigned has been in discussions with the Assistant United States Attorney ("AUSA") and believes that there is a strong likelihood an additional and separate indictment involving a substantial amount of drugs being filed against Mr. Cordova in the near future.

4. In support of that belief, the undersigned has recently received additional discovery relevant to the possible forthcoming indictment. The defense is working with the AUSA in the hopes of reaching a joint disposition that would resolve the above-

–1–

captioned case and the conduct relevant to the possible forthcoming indictment. The AUSA is not objecting to this ends-of-justice request for a continuance.

5. Making matters more complicated, Mr. Cordova was transported to the "ad seg" unit at the Federal Correctional Institute in Englewood, making attorney visits extremely difficult.

6. When determining whether to continue trial to serve the ends of justice this court considers the following factors:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)

7. Addressing the first and third factors, continuing the trial will not make continuation of this proceeding impossible or result in a miscarriage of justice. Forty-five days is a relatively short continuance that will not meaningfully affect the witnesses'

availability, and the Government is not objecting to this request. Also, an indictment has already been filed.

8. Addressing the second and fourth factors, while this case itself involves only one charge, the possibility of an additional indictment involving substantial amounts of drugs complicates the situation such that the defense needs to additional to resolve these outstanding matters and to work towards a disposition. If the Court does not grant a continuance, defense counsel will not be able to adequately address issues presented by a possible forthcoming indictment and have sufficient time to meet and discuss these matters with Mr. Cordova given the difficulties involved in visitation due to his housing status.

9. Without an ends-of-justice continuance, counsel will not be able to provide Mr. Cordova effective assistance of counsel. Mr. Cordova's counsel therefore needs additional time to address these issues and prepare for trial. Forty-five days is the minimum amount of time necessary for such preparation.

**CERTIFICATE OF CONFERRAL**: Defendant Leonard Cordova's counsel, Harvey A. Steinberg, conferred with counsel for the government, and the government does <u>not</u> oppose this motion.

Dated this 29th day of September, 2022.

Respectfully submitted,

/s/ *Harvey A. Steinberg*

–4–

        Harvey A. Steinberg
        Springer & Steinberg, P.C.
        Attorneys for Leonard Cordova
        1600 Broadway, Suite 1200
        Denver, CO 80202
        (303)861-2800 Telephone
        (303)832-7116 Telecopier
        hsteinberg@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Lee Surratt**
Email: andrea.surratt@usdoj.gov

                                                /s/ *Stacey Lopez*
For Harvey A. Steinberg
Springer & Steinberg, P.C.
Attorneys for Leonard Cordova
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
hsteinberg@springersteinberg.com