**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 22-cr-00132-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD CORDOVA,

    Defendant.

---

**ORDER GRANTING UNOPPOSED ENDS-OF-JUSTICE
MOTION TO CONTINUE TRIAL**

---

This matter is before the Court on the Defendant's Unopposed Ends-Of-Justice Motion to Continue Trial.  Defendant asks this Court for an order excluding 45 days[1] from the speedy trial calculation.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.

---

[1] On May 10, 2022, this Court granted Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act (ECF No. 21), extending the 70-day clock to September 22, 2022. On August 15, 2022, this Court granted the parties' Joint Motion for Exclusion of Time Under the Speedy Trial Act and for Extension of Motions Deadline (ECF No. 32), extending the 70-day clock to November 21, 2022.

*See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within

>clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that they believe necessitate the exclusion of 45 days in this case, and the Court adopts and incorporates those facts here. On April 19, 2022, the defendant was indicted for two counts of Title 18, United States Code, Section 922(g)(1), possession of a firearm/ammunition by a prohibited person.

In support of Defendant's motion, counsel for Defendant states that he has been in discussion with the Assistant United States Attorney ("AUSA") and believes that there is a strong likelihood of an additional and separate indictment involving a substantial

3

amount of drugs being filed against Mr. Cordova in the near future.  In support of that belief, defense counsel has recently received additional discovery relevant to the possible forthcoming indictment. He is working with the AUSA in the hopes of reaching a joint disposition that would resolve the instant case and the conduct relevant to the possible forthcoming indictment.

Counsel for Defendant further states that Mr. Cordova was transported to the "ad seg" unit at the Federal Correctional Institute in Englewood, making attorney visits extremely difficult.

In summary, counsel for Defendant states, while this case itself involves only one charge, the possibility of an additional indictment involving substantial amounts of drugs complicates the situation such that he needs additional time to resolve these outstanding matters and to work towards a disposition. He needs further time to meet and discuss these matters with Mr. Cordova given the difficulties involved in visitation due to his housing status.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 35, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from November 21, 2022 to January 5, 2023**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **five-day** jury trial is reset for **December 12, 2022**. The Trial Preparation Conference/Change of Plea Hearing is reset for **November 30, 2022 at 3:00 PM**;

(4) Defendant shall have to and including **October 31, 2022** to file pretrial motions, and responses to these motions shall be filed by **November 14, 2022**. **If no motions are filed by October 31, 2022, the Court will deem defendant to have waived any such motions**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **November 16, 2022**.

DATED:  October 4, 2022.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge