**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 1:22-cr-00132-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LEONARD CORDOVA,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO CONTINUE
MOTIONS HEARING AND TRIAL DATE**

---

This matter is before the Court on Defendant Leonard Cordova's Unopposed Motion to Continue Motions Hearing and Trial Date[1]. The Defendant asks this Court for an order excluding 70 days[2] from the speedy trial calculation and to continue the motions hearing and trial.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial,

---

[1] Although this Motion is unopposed, counsel for the Defendant had not discussed the specific length of the continuance with the government. The government subsequently filed its Statement agreeing to the length of the continuance (ECF No. 39).

[2] On May 10, 2022, this Court granted Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act (ECF No. 21), extending the 70-day clock to September 22,2022. On August 15, 2022, this Court granted the parties' Joint Motion for Exclusion of Time Under the Speedy Trial Act and for Extension of Motions Deadline (ECF No. 32), extending the 70-day clock to November 21, 2022. On October 4, 2022, this Court granted Defendant's Unopposed Ends of Justice Motion to Continue Trial (ECF No. 36), extending the 70-day clock to January 5, 2023.

and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . .  at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the

> indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 70 days in this case, and the Court adopts and incorporates those facts here. On April 19, 2022, the Defendant was indicted for two counts of Title 18, United States Code, Section 922(g)(1), possession of a firearm/ammunition by a prohibited person.  Counsel for Defendant states that, although this case is not especially unusual

or complex, the government recently advised him that it will produce additional discovery containing electronic communications. It is anticipated that this phone dump contains 1000s of pages that will need to be reviewed.  In addition, the government indicated that it did receive a copy of the Defendant's cellular telephone and is working on getting it produced to the Defendant for his review.  The government further states that it received a recording of the Defendant from local law enforcement.  The government indicates that because the cellular phone data is anticipated to be quite large, it is unsurprising that counsel for the Defendant will require time to adequately review it and investigate any leads resulting from that review.

Due to the additional discovery that will be produced, counsel for Defendant indicates that he needs additional time to review it and to determine whether any additional motions need to be filed. Counsel for Defendant, together with counsel for the government, agree that 70 days should be a sufficient amount of time and is warranted.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

4

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 37, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from January 5, 2023, to March 16, 2023**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **5-day** jury trial is reset for **March 13, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **March 1, 2023 at 3:00 PM**;

(4) Defendant shall have to and including **January 30, 2023,** to file pretrial motions, and responses to these motions shall be filed by **February 13, 2023**. **If no motions are filed by January 30, 2023, the Court will deem Defendant to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **February 15, 2023**.

DATED:  November 10, 2022.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge