IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-132-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     LEONARD CORDOVA,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, LEONARD CORDOVA, personally and by counsel, Harvey Steinberg, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I.    AGREEMENT

### A. Defendant's Plea of Guilty:

The defendant agrees to

(1)    waive indictment and plead guilty to an information charging, in Counts One and Two, violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm/ammunition) and, in Counts Three and Four, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) (distribution of a controlled substance);

(2)    waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    agree not to contest forfeiture as more fully described below.

COURT EXHIBIT
1

### B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to recommend a sentence within a range of 92-115 months' imprisonment.  The government further agrees to move to dismiss the Indictment in this case with prejudice.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

~~The government makes no promises about cases pending in other jurisdictions.~~ *[handwritten: e]*

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

*[handwritten margin note: After entry of judgment in this matter, the government will alert the Pueblo District Attorney's Office about the resolution in this federal case. It is the parties' understanding that the Pueblo DA will dismiss the pending Felon in Possession and drug cases stemming from the same conduct outlined in this plea agreement. It is the parties' understanding that no other pending State cases will be dismissed, including the pending attempted homicide case.]*

*[handwritten date: 3/7/23]*

*[handwritten initials/signatures]*

(1)    the sentence exceeds the maximum sentence provided in the statutes of conviction, 18 U.S.C. § 922(g)(1) and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C);

(2)    the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 30; or

(3)    the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)     the defendant was deprived of the effective assistance of counsel; or

(3)     the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to any firearm or ammunition used in the commission of the offenses of conviction. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute

assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Counts One, Two, Three, and Four of the Information are as follows:

### Counts One and Two:  18 U.S.C. § 922(g)(1)

1. The defendant knowingly possessed a firearm or ammunition;
2. The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;
3. Before the defendant possessed the firearm or ammunition, he knew he was convicted of a felony; and
4. Before the defendant possessed a firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

### Count Three:  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

1. The defendant knowingly distributed a controlled substance; and
2. The controlled substance was 5 grams or more of methamphetamine.

### Count Four:  21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

1. The defendant knowingly distributed a controlled substance; and
2. The controlled substance was a mixture and substance containing a detectable amount of heroin.

### III.    STATUTORY MAXIMUM SENTENCE

The maximum sentences for a violation of Counts One and Two of the Information are: not more than 15 years' imprisonment; a maximum term of supervised release of three years; a maximum fine of $250,000; and a $100 mandatory victim's fund assessment fee.

The maximum sentence for a violation of Count Three of the Information is: not less than five years' imprisonment; not more than 40 years' imprisonment; a minimum term of supervised release of 4 years and not more than life supervised release; a maximum fine of $5,000,000; and a $100 mandatory victim's fund assessment fee.

The maximum sentence for a violation of Count Four of the Information is: not more than 20 years' imprisonment; a minimum term of supervised release of 3 years and not more than life supervised release; a maximum fine of $1,000,000; and a $100 mandatory victim's fund assessment fee.

### IV.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set

forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On or about September 12, 2021, the defendant, from his driveway in Pueblo, Colorado, used a Glock handgun to shoot at a moving vehicle driven by an individual ("Individual-1") known to the defendant and with whom the defendant was in a dispute, in an attempt to kill Individual-1.  The Glock handgun and the ammunition used by the defendant in this incident previously moved in interstate commerce.

On September 19, 2021, the defendant, from a moving vehicle, fired numerous shots at another moving vehicle (the "Target Vehicle") in Pueblo, Colorado.  Two individuals ("Individual-2" and "Individual-3") in the Target Vehicle sustained bodily injury as a result of the defendant's actions.  These two individuals drove themselves to the hospital where they were treated for gunshot wounds to the legs.  The government believes it could prove that the defendant attempted to kill Individual-2 and/or Individual-3, but the defendant does not admit this fact.  The ammunition used by the defendant to shoot at the Target Vehicle previously moved in interstate commerce.

Prior to the two incidents described above, the defendant had been convicted of an offense punishable by more than a year imprisonment.  Also prior to the two incidents described above, the defendant was aware that he had been so previously convicted.

On or about October 19, 2020, in Pueblo, Colorado, the defendant sold methamphetamine to a confidential source ("CS-1"). The methamphetamine was tested by a laboratory and was determined to be 221.8 grams of methamphetamine of 100% purity.

On or about February 19, 2021, in Pueblo, Colorado, the defendant sold heroin to CS-1. The heroin was tested by a laboratory and was determined to be 98.2 grams of heroin.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

        a)      Pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two group.

b)   Under U.S.S.G. § 2K2.1, the base offense level is determined pursuant to § 2K2.1(c)(1)(A), which references U.S.S.G. § 2X1.1(a). Pursuant to U.S.S.G. § 2X1.1(a), the base offense level is determined by the Guideline for the substantive offense, which the parties agree is § 2A2.1(a)(2), for the attempted murder of Individual-1. The government also believes that § 2A2.1(a)(2) applies for the attempted murder of Individual-2 and Individual-3, but the defendant makes no such admission. Accordingly, the base offense level is 27.

c)   Pursuant to U.S.S.G. § 3D1.2(d), Counts Three and Four group.

d)   Under U.S.S.G. § 2D1.1, 221.8 grams methamphetamine (actual) + 98.2 grams heroin = 4534.2 kg converted drug weight. Accordingly, the base offense level is 32.

e)   Pursuant to U.S.S.G. § 3D1.4, the group comprising Counts Three and Four are one Unit. The group comprising Counts One and Two are ½ Unit. Accordingly, one level is added for an adjusted offense level of 33.

f)   Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), three levels are subtracted for acceptance of responsibility. The resulting total offense level is 30.

g)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category IV.

h)   The career offender/criminal livelihood/armed career criminal adjustments do not apply.

i)   The advisory guideline range resulting from these calculations is 135-168 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 97 months (bottom of Category I) to 210 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

j)   Pursuant to U.S.S.G. § 5E1.2, assuming the estimated offense level above is correct, the fine range for these offenses would be $30,000 to $5,000,000 plus applicable interest and penalties.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

### VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: _____      _____
                           LEONARD CORDOVA
                           Defendant

Date: _____      _____
                           Harvey Steinberg
                           Attorney for Defendant

Date: _____      _____
                           Andrea Surratt
                           Assistant U.S. Attorney