**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case Number:  22-cr-132-RMR

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. LEONARD CORDOVA,**

Defendant.

---

### DEFENDANT'S MOTION FOR VARIANT SENTENCE

---

The Defendant, Leonard Cordova, by and through his attorney, Stephen M. Burstein, of the law firm of Springer and Steinberg, P.C., hereby respectfully moves this Court to impose a downward variant sentence in this matter. In support thereof, the Defendant states:

1. On March 7, 2023, Mr. Cordova appeared with counsel for a Change of Plea Hearing, where he waived indictment and entered a plea of guilty to an Information charging, in Counts One and Two, violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm/ammunition) and, in Counts Three and Four, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) (distribution of a controlled substance).  (ECF #49).  The Court deferred approval of Mr. Cordova's plea agreement (pending review of the PSR) on that date and Mr. Cordova was found guilty of Count One, Two, Three and Four. (ECF #48).

    *I.     The Guideline Range*

2. In preparation for sentencing, the probation department has now furnished a

presentence investigation report ("PSR")(ECF #52); Defendant has objected to some of the findings, which remain unresolved. (ECF #53). Without resolving these objections, the PSR recommends that Defendant be sentenced to 151 months of imprisonment. (ECF #52). According to the probation department, the guideline provisions call for a sentence of 151-188 months, and they recommend a sentence at the low-end of the guideline range. Id. Probation computed the Defendant's criminal history score at 12 points, which would establish a criminal history category of V. Id. Defendant disagrees, and filed an objection to the PSR wherein he states that his criminal history category is IV. (ECF #53). Pursuant to the plea agreement, the Government is requesting a sentence within a Guidelines range of 92-115 months. (ECF #55). Defendant respectfully requests a downward variance, in accordance with the Government's agreement, and for an additional variance as the Court deems appropriate.

II.      *Motion for Variant Sentence*

3. Probation has calculated the Total Offense Level as 30. The Total Offense Level reflects a decrease for acceptance of responsibility by two levels pursuant to U.S.S.G. § 3E1.1(a) and one level pursuant to U.S.S.G. § 3E1.1(b). Mr. Cordova expects that the Government will file a Motion for Decrease for Acceptance of Responsibility recommending that Mr. Cordova receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  However, as stated in his Objection to the Presentence Report, the defendant does not agree with the

probation department's criminal history level assessment, and thus, his applicable Guideline range.   (ECF #53).

4. Regardless of the calculation which this court accepts, Mr. Cordova additionally moves this court for a downward variance from the ultimate sentencing recommendation.   There are justifiable reasons to impose a downward variant sentence considering the history and characteristics of Mr. Cordova pursuant to 18 U.S.C § 3553(a).

5. The basis of the request begins with the traumatic victimization that Mr. Cordova suffered as a young child.   As stated in the PSR, he was the victim of sexual abuse between the ages of six and eight.   (ECF #52).   He reported that a neighbor assaulted him at the neighbor's residence.   He never reported these incidents to family or to law enforcement.   Id.   These assaults left a lasting impression on Mr. Cordova, and the undiagnosed and untreated effects stemming from them provide a foundation and explanation for some of his future behavior.

6. In addition to the abuse he directly suffered, Mr. Cordova was also a victim of family violence.   Id.   His father, who divorced his mother when he was two years old, was physically and emotionally violent.   Mr. Cordova and other family members suffered verbal abuse.   Id.   In addition to the abuse from his father, his mother's other romantic partners engaged in domestic violence.   His mother re-married, and his step father was verbally abusive.   Id.   Unfortunately, his mother chose to stay with her new husband, and it alienated the relationship that he

enjoyed with his mother as a child and teenager.

7. As a result of the tumultuous relationships in Mr. Cordova's family, he lived with his grandparents for a large portion of his childhood. Id. Tragically, when he was 16, his grandmothers both passed away. Id. They were the primary parental figures and provided the limited stability he had as a child. At this impressionable age, he was exposed to gangs, violence, and substance abuse.

8. Despite the odds, he has strived to mend relationships and has become closer with his father. Mr. Cordova also has five children and maintains a good relationship with all of them. Id. He obtained his GED and worked as a barber to support his family. Id.

9. After consideration of the sentencing factors in 18 U.S.C § 3553, probation's recommendation is that a sentence of 151 months is appropriate in this matter. (ECF #52). As part of the justification for that recommendation, the probation department notes that the defendant had an unstable childhood and suffers from depression.

10. In the plea agreement, the Government agreed to recommend a sentence at the Guideline range of 92-115 months. (ECF #49). As a result, the Government filed the Government's Motion for Downward Variance. (ECF #55). Therefore, the Government anticipated a variant sentence lower than the sentence recommended by probation.

11. For all of the reasons set forth above, Mr. Cordova is asking this Court to further

vary from the guideline range and impose a lesser sentence of incarceration to include any conditions the Court deems appropriate.

**WHEREFORE**, the Defendant respectfully moves this Court to impose a downward variant sentence in this matter, and for such further relief the Court deems just and proper in the premises.

Dated this 17th day of May, 2023.

Respectfully submitted,

/s/ *Stephen M. Burstein*
Stephen M. Burstein
Springer & Steinberg, P.C.
Attorney for Leonard Cordova
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
sburstein@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Surratt**
Email: Andrea.Surratt@usdoj.gov

/s/ Stephen M. Burstein
Stephen M. Burstein
Springer & Steinberg, P.C.

Attorneys for Leonard Cordova
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
sburstein@springersteinberg.com