UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00132-RMR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**1.  LEONARD CORDOVA**,
Defendant.

## MOTION TO WITHDRAW PLEA

Defendant Leonard Cordova, through counsel, moves to withdraw his plea in this case.  As grounds therefor, Mr. Cordova states as follows:

1. On March 7, 2023, Mr. Cordova pleaded guilty to an Information charging, in Counts 1 and 2, violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm/ammunition) and in Counts 3 and 4, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) (distribution of a controlled substance).  (ECF #49).  Sentencing was set for June 1, 2023.  (ECF #48).

2. The plea agreement states that the maximum sentences for Counts 1 and 2 are "not more than 15 years' imprisonment; a maximum term of supervised release of three years; a maximum fine of $250,000; and a $100 mandatory victim's fund assessment fee."  (ECF #49).  Mr. Cordova was advised of the maximum sentences for Counts 1 and 2 by the Court in accordance with the plea agreement.  (*See* ECF # 48).

3. However, while 18 U.S.C. § 924(a)(8) currently states that the maximum term of imprisonment for violations of 18 U.S.C. § 922(g) is 15 years, this statutory subsection

was added pursuant to an amendment in 2022.  Prior to the 2022 amendment, pursuant to 18 U.S.C. § 924(a)(2), the maximum term of imprisonment for violations of 18 U.S.C. § 922(g) was 10 years.

4. As set forth in the plea agreement, the conduct which forms the basis of the offenses charged in Counts 1 and 2 is alleged to have taken place on September 12, 2021, and September 19, 2021.  The 2022 amendment of 18 U.S.C. §924 does not apply to Counts 1 and 2 in this case.  Mr. Cordova was misadvised as to the possible penalty for Counts 1 and 2.

5. Furthermore, at the sentencing hearing on June 1, 2023, the Court indicated that it would impose a sentence of 151 months of imprisonment for Counts 1 and 2.  (*See* ECF #66).  This sentence exceeds the statutory maximum term of imprisonment for Counts 1 and 2.  As discussed above, pursuant to 18 U.S.C. § 924(a)(2), the maximum term of imprisonment for violations of 18 U.S.C. § 922(g) prior to the 2022 amendment of 18 U.S.C. §924 is 10 years.

6. On June 1, 2023, the Court deferred sentencing and continued this matter to July 12, 2023.  (ECF #66).  A mittimus has not issued.  The sentence and judgment of conviction in this case is not final.  *See, e.g., Biddle v. Shirley*, 16 F.2d 566, 567 (8th Cir. 1926) ("The mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court.")

A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "[M]otions to withdraw guilty pleas before sentencing are to be freely allowed, viewed with favor,

treated with liberality, and given a great deal of latitude." See *United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996) (citing *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991); *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990)).

District courts consider several factors when considering whether the defendant has established a fair and just reason for withdrawing his plea: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).

Here, the most relevant factor is whether Mr. Cordova's plea was knowing and voluntary. "To enter a plea that is knowing and voluntary, the defendant must have 'a full understanding of what the plea connotes and of its consequence.'" *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). When considering and accepting a defendant's guilty plea, the court is required to "inform the defendant of, and determine that the defendant understands," among other things, "any maximum possible penalty, including imprisonment, fine, and term of supervised release; [and] any mandatory minimum penalty…." See Fed. R. Crim. P. 11(b)(1).

Because Mr. Cordova was misadvised as to the possible penalty for Counts 1 and 2, he did not have a "full understanding" of the consequences of the plea in this case. Mr. Cordova believes that he did not execute a knowing and voluntary plea. Further, the Court's imposition of a 151-month sentence of imprisonment for Counts 1 and 2 is illegal.

Forcing Mr. Cordova to pursue postconviction remedies for an illegal sentence would be a waste of judicial resources when the issue can be cured by withdrawal of the plea.

Mr. Cordova can show a fair and just reason for requesting the withdrawal of his plea in this case and should be permitted to withdraw his guilty plea.

**WHEREFORE,** the Defendant Leonard Cordova respectfully requests that this Court allow him to withdraw his plea in this case and grant such other and further relief as the Court deems just and proper in the premises.

Dated this 7th day of July, 2023.

Respectfully submitted,
s/ Stephen M. Burstein
Springer & Steinberg, P.C.
Attorney for Defendant
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800
sburstein@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2023, I electronically filed the foregoing pleading with the Clerk of the Court, which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Lee Surratt**
**Email: andrea.surratt@usdoj.gov**

s/ Stephen M. Burstein