IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-132-RMR

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  LEONARD CORDOVA,

     Defendant.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO WITHDRAW PLEA OF GUILTY**

---

The United States of America, by and through undersigned counsel, files this opposition to the defendant's motion to withdraw his plea of guilty (the "Motion").  ECF #69.  For the reasons that follow, the defendant has not met his burden under the well-established standard allowing for withdrawal of guilty pleas and the court should easily deny his motion.

FACTUAL BACKGROUND

The facts in this case are amply outlined in the parties' plea agreement, ECF #49, and the presentence investigation report ("PSR"), ECF #58, and so will be repeated only in brief here.

Charges in this matter stem from multiple separate incidents in which the defendant—a previously-convicted felon—fired a gun at other people and sold drugs to a confidential source (the "CS").  In the first incident where the defendant shot a gun at

1

someone else, on September 12, 2021, the defendant was in his driveway in a residential neighborhood in Pueblo, Colorado.  Prior to the shooting, the defendant was pacing in his driveway, apparently waiting for a target vehicle to drive by.  The vehicle, a silver SUV, drove by, and the driver exchanged words with the defendant.  The defendant then produced a gun and fired numerous shots in the direction of the SUV. This incident was captured on a neighbor's security camera.

The defendant was arrested in Pueblo shortly after this incident and agreed to speak with police.  After being administered *Miranda* warnings, the defendant told police that he was an ACE gang member and that the person in the SUV was his on-again-off-again girlfriend's (the "Sometimes-Girlfriend") ex-husband (the "Ex-Husband"), with whom he was in a dispute.  The defendant confirmed that a photo on his cell phone of a particular Glock handgun (with a visible serial number) was the gun that he used to shoot at the Ex-Husband.  He also claimed that he the smashed the gun with a hammer and threw it in a body of water.  The defendant was charged with offenses related to this shooting but then released from custody.

One week later, on September 17, 2021, the defendant, from a moving vehicle, fired numerous shots at another moving vehicle that was being driven by the Sometimes-Girlfriend and the Sometimes-Girlfriend's friend.  Both women were struck with rounds from the defendant's gun and sought treatment at a hospital in Pueblo.  The gun used in this incident was never recovered, but shell casings matched the shell casings from the September 12, 2021, incident, belying the defendant's claim that he had smashed the gun with a hammer.

The defendant was arrested again following the September 17, 2021, shooting. He was interviewed and, at first, stated that he did not know anything about the above-described incident.  He later stated that the Sometimes-Girlfriend's vehicle was ramming his vehicle so he fired two shots because he was afraid. The defendant was, again, charged and released.

The defendant is also a drug dealer.  On October 19, 2020, the defendant sold 221.8 grams of methamphetamine (100% purity) to a confidential source (the "CS").  On February 19, 2021, the defendant sold 98.2 grams of heroin to the CS.

PROCEDURAL HISTORY

On March 7, 2023, the defendant waived indictment and pled guilty to Counts One, Two, Three, and Four of information 22-cr-132-RMR pursuant to the terms enumerated in a written plea agreement.  ECF #48.  Prior to sentencing, the Government filed a motion for downward variance, seeking a sentence of 115 months' imprisonment, as promised in the plea agreement.  ECF #55.  The defendant also filed a motion for a variant sentence.  ECF #56, 63.

At the June 1, 2023, sentencing hearing, the parties realized that the plea agreement contained a mistake—the maximum statutory penalty for Counts One and Two of the information, charging violations of 18 U.S.C. § 922(g)(1) was listed as 15 years' imprisonment when, in fact, the maximum statutory penalty was only 10 years' imprisonment at the time of the defendant's offense conduct in September 2021.  This mistake was also repeated in the PSR and in the defendant's statement in advance of plea of guilty.  ECF #58, 50.

3

At the June 1, 2023, sentencing hearing, The Court announced that it intended to sentence the defendant to 151 months' imprisonment on each of Counts One, Two, Three, and Four, to run concurrently.  After the Court announced the sentence it intended to impose, but before sentence was actually imposed and before the sentencing hearing concluded, the Government alerted the Court to the error in the plea agreement and PSR.  The Court subsequently continued the sentencing hearing until July 12, 2023. ECF #66.

On July 10, 2023, the defendant filed the instant Motion to withdraw his plea of guilty, contending that his plea was not "knowing and voluntary" since he was advised that he could face up to 15 years on Counts One and Two but, in fact, was facing a statutory maximum of only 10 years.  ECF #69.  He also contends that a sentence of 151 months' imprisonment on Counts One and Two is an illegal sentence.

<u>LEGAL STANDARD AND ARGUMENT</u>

Federal Rule of Criminal Procedure 11 allows that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).[1]  A defendant "has the burden of establishing that there is a fair and just reason for allowing withdrawal of his guilty plea."  *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993)  In determining whether a defendant has met his burden, the court must consider the following factors: "(1) whether the defendant has

---

[1] Prior to the Court's acceptance of the defendant's plea, he may withdraw it at any time.  Fed. R. Crim. P. 11(d)(1).  The defendant does not appear to contend here that the Court did not accept his plea of guilty in this case.

4

asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Id*.; *see also United States v. Byrum*, 567 F.3d 1255, 1264 (10th Cir. 2009) (repeating the same seven *Gordon* factors). In addition, more recently, the Tenth Circuit has suggested an eighth factor: the likelihood of conviction. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014).

"If the defendant fails to carry his or her burden on asserted innocence, validity of the plea (whether it was given knowingly and voluntarily), and ineffective assistance of counsel, the court need not address the remaining factors because these remaining factors speak to the potential burden on the government and the court, rather than the defendant's reason for withdrawal." *Sanchez-Leon*, 764 F.3d at 1258 (internal quotation marks, punctuation, and citations omitted); *see also United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007); *United States v. Sears*, 2019 WL 2208557, at *3 (16-cr-301-WJM, ECF# 150) (D.Colo. May 22, 2019) (Martinez, D.J.) (noting that the "first, fifth, and sixth factors are the most important" and "if a defendant does not persuade the Court that those factors cut in his or her favor, the Court need not examine the remaining factors").

Though the burden is on the defendant to show a fair and just reason to withdraw his plea, "motions to withdraw guilty pleas before sentencing are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude." *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996) (affirming district court's denial of

appellant's withdrawal motion).  It is equally true, however, that allowing a defendant to "withdraw his guilty plea simply on a lark" without a "fair and just reason" would "debase[] the judicial proceeding at which a defendant pleads and the court accepts his plea" and "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess."  *United States v. Hyde*, 510 U.S. 670, 676 (1997).  "[I]t always and ultimately lies within the sound discretion of the district court to determine on a case by case basis when the standard [to withdraw a guilty plea] is and isn't met."  *United States v. Soto*, 660 F.3d 1264, 1267 (10th Cir. 2011) (internal quotation marks omitted).

Here, the defendant relies only on *Gordon* factor #6 in support of his Motion, claiming that because he was advised that he was facing a 15-year statutory maximum on Counts One and Two instead a 10-year statutory maximum his plea was not knowing and voluntary.  In other words, the defendant is arguing that he would not have pled guilty if he had known he was facing *less* time instead of more time in prison on two of the counts of the information.  This argument is difficult to square with common sense.  Rather, it is plain what is happening here—the defendant, faced with the prospect of a longer-than-anticipated sentence of 151 months in prison, is grasping at straws in an effort to avoid that sentence, at least for now.  *See Gordon*, 4 F.3d at 1573 ("Defendant's essential complaint is with the length of his sentence, and dissatisfaction with the length of a sentence is an insufficient reason to withdraw a plea.").

At bottom, in all the ways that matter, the defendant was properly advised in advance of his guilty plea.  He was aware that he could face up to 10 years in prison on

Counts One and Two (after all, he was told he could face *more* than that) and, in addition, that he could face up to 40 years in prison on Count Three and up to 20 years in prison on Count Four.[2]  The defendant's plea was therefore knowing and voluntary.

Consequently, the defendant has not met his burden of showing a "fair and just" reason to withdraw his guilty plea in this case.  An examination of the remaining *Gordon* factors, starting with the critically important #1 and #5 factors, solidifies this analysis:

- #1 – "Assertion of innocence" cuts against the defendant.  The defendant has not asserted his innocence in this case.  To the contrary, he admitted his guilt in the plea agreement and at the plea hearing.  *See United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000) (weighing the first factor against the defendant and noting that the defendant had not asserted his innocence, but rather "he specifically stated that he was guilty and provided detailed accounts of his crimes both in the plea agreement and at the change-of-plea hearing").

- #5 – "Assistance of counsel" cuts against the defendant.  Throughout this case, the defendant has had the able assistance of Springer & Steinberg, P.C., one of the most experienced criminal defense firms in Denver.  At his guilty plea, he was represented by name partner Harvey Steinberg.  The

---

[2] Indeed, a 151-month sentence is well within the overall advisement the defendant received since his total sentencing exposure on Counts One through Four is 80 years' imprisonment.  He could be sentenced to 151 months on either of Counts Three or Four alone.  He could also be sentenced to 151 months on Counts One and Two if the sentence for those counts runs consecutively, so long as the sentence on each of those individual counts is not greater than 120 months.

defendant has at no time alleged that the representation by Mr. Steinberg and his firm was ineffective in any way.

- #2 – "Prejudice to the government" cuts against the defendant.  The offense conduct in this case was almost two years ago, and delay prejudices the Government in terms of witness memory and resources.
- #3 – "Delay in filing defendant's motion" cuts against the defendant.  Though the defendant learned of the mistake in his plea agreement on June 1, 2023, he waited until July 10, 2023—two days before his rescheduled sentencing hearing—to file the instant motion.
- #8 – "Likelihood of conviction" cuts against the defendant.  As to Counts One and Two, as the court is aware, one of the incidents of the defendant shooting at another person is on video.  Further, the defendant admitted to both of the shootings.  As to Counts Three and Four, the defendant sold drugs to a confidential source.  The likelihood of conviction at trial is high.

Without a "fair and just reason" to withdraw his plea, allowing the defendant to do so now would be akin to permitting the defendant to make a "move in game of chess," *Hyde*, 510 U.S. at 676, simply because he is dissatisfied with the sentence the Court is likely to impose.  The court should not permit this kind of gamesmanship.

The defendant's other argument—that the Court is going to impose an illegal sentence on Counts One and Two—falls entirely flat.  The Court has not imposed any sentence yet, and the Government has every confidence that the Court is not going to

impose an illegal sentence on Counts One and Two at the sentencing hearing on July 12, 2023.

CONCLUSION

The Court should deny the defendant's Motion to withdraw his guilty plea and sentence him as scheduled on July 12, 2023.[3]

Respectfully submitted this 10th day of July, 2023.

COLE FINEGAN
United States Attorney

By:     s/ Andrea Surratt
Andrea Surratt
Assistant United States Attorney
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
e-mail: Andrea.Surratt@usdoj.gov

---

[3] The defendant filed the instant Motion at around 11:52 a.m. on July 10, 2023. Because the Government believes there is no basis to grant the Motion or further delay sentencing, and because the Government hopes that the defendant can still be sentenced on July 12, 2023, it filed the instant response the same day. If the court believes it needs additional briefing on any of the topics addressed, however, the Government will need additional time to respond.